UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LARRY PEOPLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:13-CV-106-SPM |
| | ) |
| MELISSA UNKNOWN, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Larry Peoples (registration no. 514315) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $1.98. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the Tipton Correctional Center, seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff's allegations arise out of his incarceration at the Northeast Correctional Center ("NECC") in 2012. Named as defendants are Melissa Unknown (a nurse at NECC), Jane Doe (Director of Nursing at NECC), and Roshelle Davis (Healthcare Administrator at NECC).

Plaintiff alleges that defendant Melissa Unknown "mistakenly erased . . . all of [his] medical lay-ins on 04-19-12." He claims that, due to degenerative spinal disc problems, he had received a medical lay-in for a bottom bunk. Because of Melissa Unknown's mistake, however, plaintiff was assigned to a top bunk for approximately

fifteen days. Plaintiff states, "After they found that my lay-ins had been mistakenly erased, my lay-ins were reissued on 11-29-12 and I was placed on a bottom bunk." Plaintiff claims that "defendants' carelessness and violations of medical procalls [sic] caused [him] considerable pain and suffering."

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action against the three defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Similarly, to state a claim against a Corizon employee in his or her official capacity,[1] a plaintiff must allege that a policy or custom of his employer is responsible for the alleged

---

[1] It is unclear whether any or all of the named defendants are employees of Corizon, Inc., or if they were employed directly by NECC. In either case, plaintiff's claims are legally frivolous.

-4-

constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendants in their official capacities.

As additional grounds for dismissing this action, the Court notes that mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).  Similarly, plaintiff's assertion that defendants engaged in "careless violations of medical protocol" does not amount to a § 1983 claim. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for prison policy violation); *Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of December, 2013.

_____
UNITED STATES DISTRICT JUDGE